IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HERMAN TERRELL,

    Petitioner,                    No. CIV S-06-2937 FCD GGH P

    vs.

D.K. SISTO, et al.,

    Respondents.                FINDINGS AND RECOMMENDATIONS

_____/

I. Introduction

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In 1983 petitioner was convicted of second degree murder and sentenced to 15 years to life with the possibility of parole.  In the instant action, petitioner challenges the 2005 decision of the California Board of Prison Hearings (BPH) finding him unsuitable for parole.  After carefully reviewing the record, the court recommends that the petition be denied.

II. Anti Terrorism and Effective Death Penalty Act (AEDPA)

        The Antiterrorism and Effective Death Penalty Act (AEDPA) applies to this petition for habeas corpus which was filed after the AEDPA became effective.  Neelley v. Nagle, 138 F.3d 917 (11th Cir.), citing Lindh v. Murphy, 521 U.S. 320, 117 S. Ct. 2059 (1997).  The

1

AEDPA "worked substantial changes to the law of habeas corpus," establishing more deferential standards of review to be used by a federal habeas court in assessing a state court's adjudication of a criminal defendant's claims of constitutional error. Moore v. Calderon, 108 F.3d 261, 263 (9th Cir. 1997).

In Williams (Terry) v. Taylor, 529 U.S. 362, 120 S. Ct. 1495 (2000), the Supreme Court defined the operative review standard set forth in § 2254(d). Justice O'Connor's opinion for Section II of the opinion constitutes the majority opinion of the court. There is a dichotomy between "contrary to" clearly established law as enunciated by the Supreme Court, and an "unreasonable application of" that law. Id. at 1519. "Contrary to" clearly established law applies to two situations: (1) where the state court legal conclusion is opposite that of the Supreme Court on a point of law, or (2) if the state court case is materially indistinguishable from a Supreme Court case, i.e., on point factually, yet the legal result is opposite.

"Unreasonable application" of established law, on the other hand, applies to mixed questions of law and fact, that is, the application of law to fact where there are no factually on point Supreme Court cases which mandate the result for the precise factual scenario at issue. Williams (Terry), 529 U.S. at 407-08, 120 S. Ct. at 1520-1521 (2000). It is this prong of the AEDPA standard of review which directs deference to be paid to state court decisions. While the deference is not blindly automatic, "the most important point is that an *unreasonable* application of federal law is different from an incorrect application of law....[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams (Terry), 529 U.S. at 410-11, 120 S. Ct. at 1522 (emphasis in original). The habeas corpus petitioner bears the burden of demonstrating the objectively unreasonable nature of the state court decision in light of controlling Supreme Court authority. Woodford v. Viscotti, 537 U.S. 19, 123 S. Ct. 357 (2002).

\\\\\

The state courts need not have cited to federal authority, or even have indicated awareness of federal authority in arriving at their decision. Early v. Packer, 537 U.S. 3, 123 S. Ct. 362 (2002). Nevertheless, the state decision cannot be rejected unless the decision itself is contrary to, or an unreasonable application of, established Supreme Court authority. Id. An unreasonable error is one in excess of even a reviewing court's perception that "clear error" has occurred. Lockyer v. Andrade, 538 U.S. 63, 75-76, 123 S. Ct. 1166, 1175 (2003). Moreover, the established Supreme Court authority reviewed must be a pronouncement on constitutional principles, or other controlling federal law, as opposed to a pronouncement of statutes or rules binding only on federal courts. Early v. Packer, 537 U.S. at 9, 123 S. Ct. at 366.

However, where the state courts have not addressed the constitutional issue in dispute in any reasoned opinion, the federal court will independently review the record in adjudication of that issue. "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003).

The California Supreme Court summarily denied petitioner's habeas petition. Answer, Exhibit D. Accordingly, the court will independently review the record to determine whether the denial of these claims by the California Supreme Court was an unreasonable application of clearly established Supreme Court authority.

III. Discussion

The petition raises two claims: 1) denial of parole was based on application of no-parole policy, see points and authorities, p. 1; and 2) the failure of the BPH to set a base term, as required by state law, violated petitioner's right to due process. Id., p. 21. In the answer respondent argues that the petition should be denied because the 2005 decision was supported by some evidence. Respondent does not address the two claims raised in this action. However, petitioner is proceeding with another action in this court also challenging the 2005 decision

1  finding him unsuitable for parole, CIV S-07-0251 FCD GGH P.  In 07-251 petitioner argues that
2  the 2005 decision finding him unsuitable was not supported by some evidence.
3      Although respondent has not addressed the two claims raised in this action, the
4  court will not order further briefing as it is clear that these claims are without merit.
5      In claim one, petitioner argues that former California Governors Wilson and
6  Davis implemented a sub rosa "no parole policy," as a result of which inmates serving life terms
7  were denied parole.  Petitioner appears to argue that Governor Schwarzenegger has continued to
8  carry out this policy.
9      This court is aware that in Coleman v. Board of Prison Terms, CIV S-96-0783
10 LKK PAN P, the Honorable Lawrence K. Karlton found that under Governors Wilson and Davis,
11 the BPH disregarded regulations ensuring fair suitability hearings and instead operated under a
12 sub rosa policy that all murderers be found unsuitable for parole.  See December 22, 2004,
13 findings and recommendations, adopted by the district court on December 2, 2005.  Petitioner's
14 claim that the 2005 decision finding him unsuitable, made after Governor Schwarzenegger was
15 elected, was based on the no-policy of the former governors is supported by no evidence.  Rather,
16 it is based on a conclusory assertion.  Accordingly, the court finds that petitioner has not borne
17 his burden of demonstrating that Governor Schwarzenegger has continued the no-parole policy.
18 Silva v. Woodford, 279 F.3d 825, 835 (9th Cir. 2002) (petitioner's burden to show he is in
19 custody in violation of the constitution).
20     After independently reviewing the record, the court finds that the denial of this
21 claim by the California Supreme Court was not an unreasonable application of clearly established
22 Supreme Court authority.
23     In claim two, petitioner argues that California law requires the BPH to set a term
24 for his release.  Petitioner argues that the failure of the BPH to set his term for release violates his
25 right to due process.
26 \\\\\

1  Petitioner's claim two is based on a misunderstanding of California law.  Under
2  California law, the BPH "shall set a base term for each life prisoner who is found suitable for
3  parole." Cal. Code Regs. tit. 15, § 2403(a).  However, petitioner has not been found suitable for
4  parole, which is a prerequisite for the determination of a "base term" and the calculation of a
5  parole date.  See Cal. Penal Code § 3041(b) ("The [BPT] shall set a release date unless it
6  determines that the gravity of the current convicted offense or offenses, or the timing and gravity
7  of current past convicted offense or offenses, is such that consideration of the public safety
8  requires a more lengthy period of incarceration for this individual, and that a parole date,
9  therefore, cannot be fixed at this meeting."); Cal. Code Regs. tit. 15, § 2402(a) ("The BPT shall
10 "first determine whether the life prisoner is suitable for release on parole.  Regardless of the
11 length of time served, a life prisoner shall be found unsuitable for and denied parole if in the
12 judgment of the [BPT] the prisoner will pose an unreasonable risk of danger to society if released
13 from prison.").  In other words, absent a determination of parole suitability by the BPT, there is
14 no "base term."  See Cal. Penal Code § 3041(b); Cal. Code Regs. tit. 15, § 2403(a); In re
15 Rodriguez, 14 Cal.3d 639, 654 n. 18, 122 Cal. Rptr. 552, 563 n. 18 (1975).  Thus, petitioner's
16 ongoing detention does not deprive petitioner of due process of law.
17        After independently reviewing the record, the court finds that the denial of this
18 claim by the California Supreme Court was not an unreasonable application of clearly established
19 Supreme Court authority.
20        Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a
21 writ of habeas corpus be denied.
22        These findings and recommendations are submitted to the United States District
23 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
24 days after being served with these findings and recommendations, any party may file written
25 objections with the court and serve a copy on all parties.  Such a document should be captioned
26 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

1 shall be served and filed within ten days after service of the objections.  The parties are advised
2 that failure to file objections within the specified time may waive the right to appeal the District
3 Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 05/30/08                                     /s/ Gregory G. Hollows

                                                             UNITED STATES MAGISTRATE JUDGE

ter2937.157